IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REMOVE YOUR CONTENT, LLC** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | **CIVIL ACTION NO. 3:09-cv-393** |
| **MARK M. BOCHRA,** | § | |
| | § | |
| Defendant | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW, REMOVE YOUR CONTENT, LLC, Plaintiff, and files this First Amended Complaint against MARK BOCHRA, and would show the Court as follows:

**I.
PARTIES**

1. Plaintiff, Remove Your Content, LLC, is a Texas limited liability company with a principal place of business in Irving, Dallas County, Texas.

2. Defendant, MARK M. BOCHRA, is a citizen of the State of Illinois and can be served at his home address at 5757 N. Sheridan Rd., Apt. 1313, Chicago, IL 60660.

**II.
JURISDICTION AND VENUE**

3. Subject matter jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds $100,000.00 (excluding interest and costs), and there is a complete diversity of citizenship. Further, this Court has jurisdiction under 28 U.S.C. § 1338, as this matter involves trademark infringement. This Court has supplemental jurisdiction of any remaining claims set forth herein pursuant to 28 U.S.C. § 1367 as these claims for relief arise out of a common nucleus of operative facts and form part of the same case or controversy.

4. Venue for all causes of action stated herein pursuant to 28 U.S.C. § 1391(b)(2) lies in the Northern District of Texas in that a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas and Defendant directed acts to Plaintiff in the Northern District of Texas.

## III.
## FACTS

5. Plaintiff, Remove Your Content, LLC, was formed to help combat copyright infringement and piracy on the internet. Plaintiff provides various services to its clients, such as searching for illegally uploaded content, sending Digital Millennium Copyright Act (DMCA) notices, and working with websites to remove the stolen content. Plaintiff specializes in working with adult entertainment industry clients and protecting its clients' copyrighted adult content.

6. Because of Plaintiff's specialization and success in getting copyright infringing material removed, Plaintiff and Plaintiff's owner, Eric Green, have attracted attention from individuals who target and consistently distribute illegal and pirated content on the internet. Plaintiff and Mr. Green have become the target of "hate blogs" on the internet, as well as threats.

7. "Dope Nuck" or "Dope Lord" or "Dopenull" (dopenuke@gmail.com and dopenull@gmail.com) has posted messages and e-mailed Mr. Green directly with threats.

8. For example, Defendaing, using the online persona "Dope Nuck," has physically threatened Mr. Green and Remove Your Content, LLC via e-mail. The e-mail states that Plaintiff should "Either quite bothering all these sites and blogs or will take the bet and nuke you with an early Christmas present." (sic). Defendant has also threatened Plaintiff, made several references to "nuking" Plaintiff, and stated that he is "messing with the f------- big boys n----a" and that the Defendant is with the "dope gangs, we live in the hood and prison." Defendant also

claimed that he had tried to "pay a visit" to Mr. Green and that "Carma is a b-----." (sic). Defendant has also posted similar threats against Plaintiff in an online forum.

9. Plaintiff is understandably concerned about these threats and has filed a police report with the Irving Police Department detailing the threats.

10. Defendant also writes several identical hate blogs posted online at various places, including:

http://ericgreensuck.blogspot.com,

http://removeyourcontentsuck.blogspot.com

http://removeyourcontentfake.blogspot.com

http://removeyourcontentsucks.blogspot.com

http://removeyourcontenttruth.blogspot.com

11. The blogs are replete with false and defamatory information. The blog includes false statements that Plaintiff operates illegally, sends illegal DMCA notices, and is not a legitimate business. The blog also states falsely that Plaintiff sends DMCA notices with no basis of copyright infringement and falsely states that Plaintiff runs its own pirated adult content sites. The Defendant blogger also writes that Plaintiff and Eric Green are in a "shady business…fake and not legit…a scam" and thieves and copyright infringers. The blog also uses Plaintiff's own trademarked content, specifically Plaintiff's web page images, which include its registered trademark. Plaintiff has requested that the trademarked images be removed, but, to date, they have not been removed.

12. Through a subpoena University of Illinois at Chicago ("UIC"), Plaintiff has been able to ascertain that the e-mail dopenull@gmail.com was accessed from a UIC computer which logged the Defendant, who is a student at the UIC, at a time when the e-mail was accessed.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**  3

Furthermore, through a subpoena to AT&T, Plaintiff discovered that the same Defendant herein has also created all of the defamatory blogs about the Plaintiff. All were traced back to the same address in Chicago.

13.  Plaintiff sues in order to recover damages, which are continuing unless the blogs are removed.

## IV.

## CONDITIONS PRECEDENT

14.  All conditions precedent have been performed, have occurred, or have been waived.

## V.

## CAUSES OF ACTION

Plaintiff incorporates by reference Sections I-IV hereinabove.

### First Cause Of Action – Defamation and Slander

15.  The Defendant published and continues to publish false statements purporting to be facts about Plaintiff to third persons, via various websites.  No privilege, absolute or conditional, attaches to these statements.  Defendant's false and defamatory statements have caused damages to Plaintiff's reputation.

16.  Each of the above referenced acts constitutes defamation and has caused the damages suffered by Plaintiff.

### Second Cause Of Action – Defamation Per Se

17.  The Defendant's false statements negatively affected Plaintiff in its business.

18.  Each of the above referenced acts constitutes defamation and caused the damages suffered by Plaintiff.

### Third Cause of Action—Business Disparagement

19.     The Defendant published disparaging and false words about the Plaintiff's economic interests.  The words were false.  The Defendant published the words with malice.  The Defendant published the words without privilege, and the publication caused the Plaintiff special damages.

**Fourth Cause of Action—Assault by Threat of Bodily Injury**

20.     Defendant, via his online personas, "Dope Nuck" or "Dope Lord" or "Dopenull" (dopenuke@gmail.com and dopenull@gmail.com), has threatened Plaintiff with bodily harm.  The Defendant is acting intentionally and knowingly and threatening the Plaintiff and Plaintiff's owner, Eric Green, with imminent bodily injury.  The Defendant's threats have caused injury to the Plaintiff.

**Fifth Cause of Action-Tortious Interference with Contracts**

21.     Plaintiff has existing business relationships and contracts and potential business relationships that could result in new business for its operations.  Defendant have tortiously interfered with these relationships in an attempt to harm Plaintiff and Plaintiff's business operations.

22.     Defendant was aware that current and/or prospective business relationships existed and acted intentionally.  As a proximate result of the tortious interference, Plaintiff has suffered damages.

**Sixth Cause of Action-Trademark Infringement**

23.     Plaintiff is the owner of a valid trademark, serial number 77604591.  The trademarked name "Remove Your Content," is being used by Defendant unlawfully.  Defendant, via the site http://ericgreensuck.blogspot.com, has made an additional blog mirroring the original http://removeyourcontent.blogspot.com/ and is using Plaintiff's trademarked name without authorization or permission.  Further, Defendant is wrongfully using Plaintiff's website content

on his blogs.

## VI.
## EXEMPLARY DAMAGES AND ATTORNEY'S FEES

Plaintiff incorporates by reference herein all of the allegations set forth in hereinabove in this Original Complaint.

24. By reason of the acts and conduct described above, the Defendant is liable to Plaintiff for exemplary damages in an amount to be awarded by the jury after taking into consideration the nature of the wrongs, the character and conduct involved, the degree of culpability of the wrongdoer, and the situation and sensibilities of the parties concerned and the extent to which this conduct offends the public sense of justice and propriety.

25. Plaintiff is entitled to attorney's fees. The fees for such services Plaintiff's counsel states is the sum of at least $75,000.00 should this matter require a trial in a court of law.

## VII.
## APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTIONS

Plaintiff incorporates by reference herein all of the allegations set forth in hereinabove in this Original Complaint.

26. In order to preserve the status quo and the property rights of the Plaintiff during the pendency of this action, Defendant should be cited to appear and show cause why they should not be preliminarily restrained, during the pendency of this action from:

1) Contacting Plaintiff's place of business or any of Plaintiff's employees, directly or indirectly, in any manner;

2) Contacting any of Plaintiff's clients or customer, directly or indirectly, in any manner; and

   3)  Continuing to make false and defamatory statements about Plaintiff or Plaintiff's employees.

27. For the reasons stated, Plaintiff requests that, after the hearing, this Court enjoin Defendant for the relief requested.

28. Plaintiff requests that after trial on the merits that a permanent injunction be issued against the Defendant.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, for these reasons, Plaintiff prays for the following, and all other relief to which Plaintiff may show that it is justly entitled:

1. After hearing, a preliminary injunction be issued to Defendant restraining Defendant as requested above;

2. After a trial on the merits, that a permanent injunction be issued to Defendant;

3. Judgment against Defendant for actual and special damages in an amount within the jurisdictional limits of the court;

4. Judgment against Defendant for exemplary damages in an amount within the jurisdictional limits of the Court;

5. Pre and Postjudgment interest;

6 Attorneys' fees and costs of court;

7. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**Hulse ♦ Stucki, PLLC**

/s/ Ellen Cook Sacco
**Jay R. Stucki**
JStucki@AttorneysForBusiness.com
Texas State Bar No: 00798531
**Ellen Cook Sacco**
ESacco@AttorneysForBusiness.com
Texas State Bar No: 24029491
2912 Story Road
Irving, TX 75038
Telephone:     (214) 441-3000
Fax:                (214) 441-3001
**ATTORNEYS FOR PLAINTIFF**