# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **REMOVE YOUR CONTENT, LLC** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:09-cv-393 |
| **MARK BOCHRA,** | § | |
| | § | |
| Defendant | § | |

## JOINT STATUS REPORT

Plaintiff, REMOVE YOUR CONTENT, LLC, ("Plaintiff") and Defendant, MARK BOCHRA, ("Defendant") file this Joint Status Report. Counsel for Plaintiff and Defendant, pro se, have conferred on October 28, 2009, and as a result, present this Joint Status Report to the Court.

1. **Brief statement of the claims and defenses.**

    **Plaintiff's Contentions:** Plaintiff contends that Defendant created and internet blog about Plaintiff and Plaintiff's principal, Eric Green. Plaintiff verified Defendant's logins and user information via subpoenas to Google, AT&T, and the University of Illinois at Chicago. The subpoenas confirmed that all logins came from various IP addresses in Chicago. Further investigation and subpoenas revealed that there were logins to the blog ericgreensuck.blogspot.com from the Defendant's home address to an AT&T account in Defendant's father's name.

    The blog contains false and defamatory information which is harmful to Plaintiff in its business. The blog states, among other things, that the business is a scam, that Eric Green pirates free adult websites, and that Eric Green is guilty of criminal conduct by sending DMCA notices, and many other false statements.

    Furthermore, the blog contains Plaintiff's proprietary content, including images of Plaintiff's own website. The initial blog was removed after the suit was filed.

    Plaintiff has subpoenaed additional information from AT&T and Google to confirm the identity of later posted "mirror" blogs which contain identical content as the removed blogs. (Removeyourcontentscam.blogspot.com, Removeyourcontentsucks.blogspot.com, Removeyourcontentfake.blogspot.com, Removeyourcontentsuck.blogspot.com, Removeyourcontenttruth.blogspot.com).

**JOINT STATUS REPORT – Page 1**

Plaintiff contends that Defendant, using the alias "Dope Nuke" and/or "Dope Null" and Google (gmail) email accounts sent threatening emails to Defendant's principal, Eric Green. Plaintiff further confirmed through a subpoena to UIC that there were at least three logins to the dopenuke@gmail.com account. Two of the logins were traced (via AT&T) to Defendant's home address in Chicago and the third was traced to his student account at UIC.

Plaintiff further anticipates seeking injunctive relief to prevent Defendant from future behavior which defames Defendant or threatens Defendant's principal or employees.

**Defendants' Contentions:**

B. <u>Defendant's Statement</u>

a) Defendant Mark Bochra is a college student who has attended 3 different Universities in the past 4 years (University of Illinois at Chicago, North Eastern University, and Wright college). The Defendant will graduate from the university of Illinois at Chicago in spring of 2010.

b) Mark through his educational journey in his high school and college have proven to be an exemplary student who received multiple awards and accolades regarding his involvement in the community and his performance in school and college. His success in college and the passion to help the community continues to this day.

<u>Some of the Awards the Defendant received are:</u>

**Honor Roll Awards (2001-2005)**
A certificate that certifies that Mark Bochra has maintained a High Level of Scholarship in his High School. Signed by the principal Judeth R Hernandez.

**Senior Award (2005)**
A certificate of recognition to Mark Bochra for outstanding Leadership and Service. Signed by the principal Judeth R Hernandez.

**Presidential Awards (2004)**
An Award for educational Excellence presented to Mark Bochra in recognition of outstanding Academic Excellence. Signed by President George W. Bush and the U.S Secretary of Education Rod Paige. (Exhibit B)

**Junior Citizen Award (2005)**
A certificate of recognition to Mark Bochra for attaining the distinction of being selected an outstanding Junior citizen. Awarded by the Chicago Park District for academic performance, moral characters, and service to the park and community. (Exhibit B)

**Phi Eta Sigma Award (UIC 2006)**
A certificate of recognition to Mark Bochra for recognize high scholastic achievement at UIC as well as being a member of National Honor Society. (10th on the list)
http://www.uic.edu/honors/life/PhiEtaSigma/PhiEtaSigma-2006.shtml

c) Defendant denies being the blogger or the person who threatened Mr. Green and was previously unaware of who he is. Mark is a resident of Chicago and not of Texas and has never had any contact with the Plaintiff nor has ever travelled to Texas. Defendant stated that he was never been contacted by UIC to verify his involvement in any legal matters prior to the subpoena that was submitted to UIC. Part of UIC Policy is "The University will make a reasonable effort to notify the Student in advance of the existence of the order/subpoena and of its intent to comply". Defendant has never received any email or mail from UIC prior to the subpoena and he is still anticipating a response from UIC Legal Consolers regarding how did UIC notify Mark prior to the subpoena. In regard to the subpoena sent to Google and AT&T, it identifies an ip and an address in Chicago; it does not specify that it is related to the Defendant.

After initial conference with the Plaintiff's attorneys on October 28, 2009, Defendant was surprised that his name and other private information regarding his educational records was send to Plaintiff's attorneys on June 5, 2009 without being notified from UIC that his information was send to a third-party company removeyourcontent.com; a company that works with adult entertainment industry clients. The response to the subpoena was delivered to Plaintiff's attorneys' office on June 9, 2009. On this particular day <u>June 9, 2009</u>, several actions arose from the Plaintiff. Defendant discovered several information regarding several ambiguous actions arose from the Plaintiff that the Defendant did not comprehend in the past which has caused tremendous amount of depression to the Defendant upon discovery.

d) On Tuesday June 9, 2009, Defendant received an empty email send by removeyourcontent.com to his UIC webmail. Defendant is concerned about such ambiguous action that arose from the Plaintiff. Defendant don't know how removeyourcontent.com knew his college email or why removeyourcontent.com would email the Defendant an empty email or even email someone he doesn't know or has never had any type of communication with him in the past.

e) Furthermore, Defendant stated in his original response that his name was intentionally posted on a pornography website by a user name "<u>removeyourcontent</u>" on June 9, 2009 prior to the complain being filed on August 14, 2009.
1) Defendant's last name was posted intentionally on a pornography website and was related to individuals and a site he never knew, additionally removeyourcontent has verbally harassed the Defendant on an adult website without any attached evidence shown to the court in his original complaint that Mark is the one responsible for the blogs and emails. Moreover, Plaintiff dishonored the court's rules by posting the Defendant's name prior to the complain being filed on August 14, 2009. Plaintiff was intentionally defaming and inflicting emotional distress on the Defendant. Such actions has caused the Defendant to suffer emotional damages due to the fact that Mark is a well known respected individual among his colleague in his university as well as in the community.

**JOINT STATUS REPORT – Page 3**

2) The user name removeyourcontent said "Took awhile but we can now officially clear chronicentral.net's name, on this post, as it was not them. Mr. Bochra, our attorneys will be in touch" ; "AskDx threads do sensationally well in Google. Lol. Free food is always a plus as well" (Exhibit A).

3) In addition, the same user name "removeyourcontent" has posted other individuals' names, home addresses, telephone numbers, and other private information on purpose on the web. This is a clear violation of PII "Personal identifying information" law, which prevents people from releasing an individual's private information (Exhibit A).

PII can be exploited by criminals to stalk or steal the identity of a person, or to plan a person's murder or robbery, among other crimes. PII means information that alone or in conjunction with other information identifies an individual, including an individual's:

(1) name, social security number, date of birth, or government-issued identification number;

(2) mother's maiden name;

(3) unique biometric data, including the individual's fingerprint, voice print, and retina or iris image;

(4) unique electronic identification number, address, or routing code; and

(5) telecommunication access device.

f) This entire lawsuit process has proven to be extremely burden on the Defendant, has defamate the Defendant, put him in false light, and has caused extreme emotional damages and health issues that subsequently has had a negative effect on his health, life, and performance in college. Defendant has failed several exams and received "F" in them during his last semester toward graduation, which will affect his overall college "GPA" grade point average.

This is supposed to be the Defendant's last semester toward graduation and receiving his Bachelor of Science Degree in Biology in spring of 2010 and prepare for graduate school applications and its hectic process, and now the Defendant has to deal with serious health issues (such as anxiety, depression, and other serious health issues and be able to afford the medication which in his financial status is extremely difficult. All the details was send in a sealed envelope "Exhibit A Sealed") that are result of this situation.

Moreover, Defendant do not have the expenses to travel to Texas to attend a series of meetings and trials that are being sought by the plaintiff's attorneys and in his current emotional health condition.

**JOINT STATUS REPORT – Page 4**

g) Plaintiff raised several alleged claims that has not been proven nor is it related to the Defendant by any mean. The original complaint filed by the Plaintiff does not properly and effectively demonstrate that the Defendant is the individual responsible or liable for the alleged claims:

>Assault; Defamation; Harassment; Tortious Interference; Trademark Infringement; Trade Libel.

h) There is no prove that the matter in controversy exceeds $100,000.00. The sum in excess of $100,000.00+, plus potential attorney fees $75,000.00+ that is being sought by the Plaintiff is completely unjustifiable. Defendant prays that this complaint be dismissed on all counts after considering the emotional damages that was done to the Defendant by the Plaintiff.

2. **A proposed time limit to file motions for leave to join other parties.**

>Plaintiff proposes that additional parties shall be joined pursuant to FED. R. CIV. P. 19 and 20 on or before 120 days before the Trial Setting.

3. **A proposed time limit to amend the pleadings.**

>Plaintiff proposes the following:

>Plaintiff must add any new claims or defenses no later than 120 days before the Trial Setting.

>Defendant must add any new defenses no later than ninety 90 days before the Trial Setting.

>Responsive claims and defenses must be made by Plaintiff on or before 90 days before the Trial Setting, and by Defendant on or before sixty 90 days before the Trial Setting.

4. **Proposed time limits to file various types of motions, including dispositive motions.**

>Plaintiff proposes the following:

>Dispositive motions must be filed on or before 120 days before the Trial Setting.

>Motions to compel discovery responses must be filed on or before 60 days before the Trial Setting.

5. **A proposed time limit for initial designation of experts.**

   Plaintiff proposes that parties seeking affirmative relief shall designate experts on or before 150 days before the Trial Setting. Parties seeking affirmative relief shall serve the information and materials set forth in FED. R. CIV. P. 26(a)(2) on opposing counsel on or before 120 days before the Trial Setting.

6. **A proposed time limit for responsive designation of experts.**

   Plaintiff proposes that parties not seeking affirmative relief shall designate experts on or before 120 days before the Trial Setting. Parties not seeking affirmative relief shall serve the information and materials set forth in FED. R. CIV. P. 26(a)(2) on opposing counsel on or before 90 days before the Trial Setting.

7. **A proposed time limit for objections to experts (i.e. <u>Daubert</u> and similar motions).**

   Plaintiff proposes that any objection or motion to exclude or limit expert testimony due to the qualification of the expert or reliability of the expert's opinions must be filed on or before 60 days after the information and materials set forth in FED. R. CIV. P. 26(a)(2) are served on the opposing party.

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused on particular issues.**

   Plaintiff states: Additional discovery is needed from the Defendant regarding other identical blogs which may have been posted by Defendant. Plaintiff anticipates propounding additional subpoenas on Google and/or AT&T related to blog user information and IP addresses. Plaintiff anticipates deposing Defendant. Plaintiff believes discovery can be completed withing 4-6 months. Discovery does not need to be conducted in phases or limited to particular issues.

   B. <u>Defendant Position:</u>
   Defendant has not proposed a submission.

9. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

   No changes are proposed.

10. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

Plaintiff anticipates possible inspection of Defendant's computer.

Defendant's Position:

Defendant anticipates possible inspection of Plaintiff's computer.

11. **Any proposals regarding the handling and protection of privileged or trial preparation material that should be reflected in a Court Order.**

The parties agree that this is not necessary at this time.

12. **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded;**

Jury has been demanded. The parties anticipate trial will last 2-3 days. Plaintiff proposes a trial date in August 2010.

B. Defendant Position:

Defendant consent to trial before United States Magistrate Judge William Sanderson due to the fact that Mark's health conditions does not allow him to be exposed to highly public stress. Defendant is being diagnosed with medications related to anxiety, depression, and other serious health issues. Defendants propose the trial date to be on December 25, 2009. The specific date December 25, 2009 is after the Defendant's final exams at UIC during fall of 2009. Defendant propose trial length to be 1 or 2 days.

Plaintiff's attorneys are insisting on extending the length of this lawsuit up to August of 2010 which expose the Defendant to highly emotional stress and during his last year toward graduation. Furthermore, Defendant do not have the expenses to travel multiple times to Texas to compact with a long term lawsuit sought by the plaintiff's attorneys.

13. **A proposed date for further settlement negotiations;**

Plaintiff anticipates further negotiations, after Plaintiff receives responses to additional subpoenas.

B. Defendant's Position:

Defendant do not anticipate any further negotiations, due to the fact that Plaintiff's attorneys refused to negotiation with the Defendant during the initial conference that occurred on October 28, 2009 and have caused the Defendant tremendous amount of depression. Plaintiff's attorneys insisted that Mark is the one responsible for creating and maintaining the blogs and the emails and were asking the Defendant to delete such blogs.

14. **Objections to FED. R. CIV. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclsoures under Rule 26(a)(1) were made or will be made.**

    Initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) shall be made by Plaintiff and Defendant on or before November 13, 2009.

15. **Consent to trial before United States Magistrate Judge.**

    Plaintiff does not consent to trial before United States Magistrate Judge.

    B. <u>Defendant's Position:</u>
    Defendant consent to trial before United States Magistrate Judge.

16. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective, and if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**
    Plaintiff is willing to attend a non-binding mediation, after written discovery is completed.

B. <u>Defendant's Position:</u>

   Defendant is not willing to attend a mediation due to the fact that this lawsuit sought by the Plaintiff's attorneys is all ambiguous to the Defendant. Moreover, this will add stress to the Defendant's emotional health issues due to the fact that the Plaintiff's attorneys during the initial conference refused to negotiate with the Defendant and not considering his health conditions.

17. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

    At this time, there are no other proposals.

**JOINT STATUS REPORT – Page 8**

18. **Whether a conference with the Court is desired.**

   Plaintiff does not request a conference with the Court.

   B. <u>Defendant's Position:</u>

   Defendant request a conference with the Court prior to the trial.

19. **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

   None.

                                                   s/   Ellen C. Sacco

Jay R. Stucki
Texas State Bar No. 00798531
Jstucki@AttorneysForBusiness.com
Ellen Cook Sacco
Texas State Bar No. 24029491
ESacco@AttorneysForBusiness.com
Hulse ♦ Stucki, PLLC
2912 West Story Road
Irving, Texas 75038
Phone: 214.441.3000
Facsimile: 214.441.3001

**ATTORNEYS FOR PLAINTIFF**

Mark Bochra
5757 N. Sheridan Rd
Apt. # 13B
Chicago, IL 60660

**DEFENDANT, PRO SE**

<u>**JOINT STATUS REPORT**</u> **– Page 9**

/s/ Ellen C. Sacco

Jay R. Stucki
Texas State Bar No. 00798531
Jstucki@AttorneysForBusiness.com
Ellen Cook Sacco
Texas State Bar No. 24029491
ESacco@AttorneysForBusiness.com
Hulse ♦ Stucki, PLLC
2912 West Story Road
Irving, Texas 75038
Phone: 214.441.3000
Facsimile: 214.441.3001

**ATTORNEYS FOR PLAINTIFF**

MARK Bochra
Mark Bochra
5757 N. Sheridan Rd
Apt. # 13B
Chicago, IL 60660

**DEFENDANT, PRO SE**

**JOINT STATUS REPORT** – Page 9