IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REMOVE YOUR CONTENT, LLC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:09-cv-393 |
| MARK BOCHRA, | § | |
| | § | |
| Defendant | § | |
| | § | |

## MOTION FOR PRELIMANRY INJUNCTION

Defendant Mark Bochra pursuant to Fed. R. CIV. P. 65(a), respectfully requests that the court enter a Preliminary Injunction, following a notice and a hearing with the trial, prohibiting Remove Your Content, LLC, ("Plaintiff") and those in active concert and participation with him, and his agents from publishing private information such as: the full name of the defendant, his home address, or any other information that alone or in conjunction with other information are considered PII "Personal Identifying Information", and disparaging statements about Mark Bochra during the pendency of this proceeding. As substantiated by the attached exhibits, plaintiff and plaintiff's owner, Mr. Green, have waged a persistence campaign in both direct and indirect ways on the internet to ruin Mark's good reputation, as well as intentionally inflicting emotional distress on the defendant prior to the complaint filed against Mark on August 14, 2009. For all the reasons supporting Court's order granting a Preliminary Injunction Order, defendant respectfully prays that a Preliminary Injunction should be entered barring further adverse publicity regarding Mark Bochra, and the removal of the defendant's private information from plaintiff's own website, pending final decision on the merits.

In Support of this motion, Mark Bochra states:

## A. <u>Background</u>

**1.** Defendant, Mark Bochra is a resident of Chicago city with an exemplary history in helping the community throughout high school and college. Mark through his educational journey in his high school and college has proven to be an exemplary student who received multiple awards and accolades regarding his performance in school and college, and his involvement in the community, which continues to this day, (<u>see</u> Exs. 3-6). Mark provided various community services in the past such as: **a)** tutoring calculus to other students, **b)** coaching and taking care of children between the ages 7-14 in the Chicago Park District: Broadway Armory Park; among many other activities, **c)** providing more than 100 hours of community service such as painting mural walls to decorate his high school, **d)** a proud blood donor at University of Illinois Medical Center, (<u>see</u> Ex. 2), **e)** a member of national honor society since 2006; among many other activities, (<u>see</u> Ex. 1). Mark is a resident of Chicago and not of Texas and has never traveled to Texas, nor has ever had any type of communication with the plaintiff. Quite the contrary, it was the plaintiff who tried to communicate with the defendant in such a bizarre, cyber stalking approach. On Tuesday June 9, 2009, Mark received an empty e-mail send from webmaster@removeyourcontent.com to his ("UIC") webmail. Defendant is concerned about such ambiguous action that arose from the plaintiff, further Mark is concerned about how the plaintiff knew his college e-mail.

**2.** Defendant was trying his best to compact with such ambiguous lawsuit sought by the plaintiff and plaintiff's attorneys and in the same time, tried to focus on his final courses toward graduation. However, the extreme burden of the legal matter has caused the defendant to fail one of his courses - Organic Chemistry II and took an incomplete in the course and will not be able to graduate unless he finishes the required course next semester, (<u>see</u> Exs. 32-33).

Furthermore, defendant was receiving mostly A's and B's in his courses and is always a full time student, however, his grades started to drop when the defendant started to compact with the current lawsuit during fall of 2009. Defendant's grades changed from A's and B's to C's which has affected his overall GPA, (see Exs. 32-33), *see also letter send to mark's professors* (Ex. 34).

    **3.**    Mark is an Undergraduate College student who wishes to attend medical school in order to become a Cardiac Doctor. Moreover, defendant was supposedly be focusing on studying for his graduate medical exam (MCAT) and be able to receive his Bachelor of Science Degree in Biology in fall of 2009 and attend the graduate ceremony with his family on August 15, 2010 (see graduation date, Ex. 31, which is close to trial's date August 2, 2010) and concentrate on applying to medical school and its hectic procedure. However, the following lawsuit has deprived the defendant's right from doing some or all of the followings and has caused extreme suffering, anxiety, and other serious health issues to the defendant. *See* Doc. # 12 a copy of the defendant's medical situation was mailed and filed with the clerk on November 13, 2009 from ("UIC") Counseling Center. *See* also Doc. # 9, Page 32, a different sealed medical record that was mailed and filed with the clerk on September 25, 2009.

### B. Irreparable Harm

    **4.**    The verified documents provides substantial evidentiary for Mark's claim that plaintiff has previously and intentionally tried to defame the defendant online more than one time, as well as, intentionally inflicting emotional distress on him by placing him in false light in the public eye prior to trial and by disclosing the defendant's private information on several pornography websites. Plaintiff has published false and defamatory assertion and accusation regarding Mark, falsely attribute that Mark is the individual responsible for the alleged blogs and e-mails and is further liable for the alleged claims set forth in plaintiff's original filed complaint.

Plaintiff has related the defendant to individuals and sites that the defendant was not aware of prior to the filed complaint, (see Exs. 7-8, reference to plaintiff's online postings).

     **5.** After the response to the issued subpoena to Office of University Counsel ("UIC") was received and stamped by plaintiff's attorneys, Hulse ♦ Stucki, on June 9, 2009. On this same day, plaintiff used such information and posted information related to the defendant online, on a pornography website; ignoring the Federal Rules of Civil Procedure by violating Rule 45(C)(1). *See* Exs. 7-8, reference to plaintiff's online postings with their correspondent date June 9, 2009. *See* also Exs. 9-11, subpoena issued to ("UIC") by and through plaintiff's attorney, Ellen Cook Sacco, and the response was received on June 9, 2009. Plaintiff and plaintiff's attorneys have placed undue burden on the defendant when they misused the subpoena's information in such a delinquency manner. The good purpose of any issued subpoena was to be sole used by plaintiff's attorneys in the pending litigation. However, plaintiff disclosed private information related to the defendant to public eye, on a pornography website.

     **6.** On January 4, 2010, plaintiff has posted the defendant full name and address on his own website, www.removeyourcontent.com and once more relating Mark to individuals and sites the defendant is not aware of. Plaintiff has published false and defamatory accusations with malice, (see Exs. 12-13). Plaintiff stated "If you have read any of these blogs (they are all the same), they were written with malice and contain no factual information. The individual allegedly responsible for all of this is Mark Bochra of Chicago, IL" (sic). By reviewing all the files on docket and the documents filed with the clerk, plaintiff has not provided the Court with any attached evidences to prove that Mark is the one liable for creating the alleged blogs or e-mails and thus far, plaintiff's allegations are based on hearsay. Furthermore, final decision on the actual truthful merits raised by any party are still pending. Defendant acted reasonably by

4

e-mailing plaintiff's attorney, Ellen Cook Sacco, in attempt to get his name removed from the plaintiff's own website. However, after several communication with Ms. Sacco through e-mails, defendant was not able to get his name removed from www.removeyourcontent.com website after requesting three (3) time through several e-mails for his name to be removed.

    **7.**    Plaintiff pervasive use of the defendant's full name or last name in conjunction with false and misleading descriptions of facts, in a concerted effort to drive trade away from the defendant and to enhance his own fame and notoriety, has further violated Lanham Act §43(a), 15 U.S.C. §1125(a). Furthermore, plaintiff's attorney has stopped responding to defendant's e-mail and ignored his request after the 3rd e-mail send by the defendant to Ms. Sacco, (see Exs. 14-17). Plaintiff obdurate persistence of exposing the defendant's private information on several pornography websites, as well as on plaintiff's own website www.removeyourcontent.com; have placed Mark in possible danger of exposing him to all kinds of possible abuse, harassments, and danger arise by other anonymous individuals from the pornography industry *(with respect to the Court, I did not utilize the word "adult industry" because adult means someone mature, who knows how to respect and act promptly good)*. Plaintiff is well aware of his own reputation and audience among the pornography industry, (see Exs. 35-36, a full article about Remove Your Content, LLC, on a pornography newspaper named XBIZ), and by disclosing the defendant's private information on his own website is further exposing not only Mark to all kind of possible abuse, harassments, and danger but plaintiff is exposing Mark's family in possible danger as well.

    **8.**    Mr. Green misconduct has been proven in violating of several statutory provisions, including 47 U.S.C. §223(a)(1)(a) (Prohibiting general purposes whoever in interstate or foreign communications by means of any communication devices knowingly makes, creates,

or solicits, and initiates the transmission of, any comment, request, suggestion, proposal, image, or other communication which is obscene with intent to annoy, abuse, threaten, or harass another person). Texas Penal Code § 42.07(a)(1) (A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he initiates communication by telephone, in writing, or by electronic communication and in the course of the communication makes a comment, request, suggestion, or proposal that is obscene). Tex. Bus. & Com. Code §48.002(1) (Prohibiting the use or possession of "Personal Identifying Information").

    **9.**    Furthermore, plaintiff's attorneys pursuant to Rule 26(a) were suppose to disclose the response received from AT&T on or after December 30, 2009 to indentify the individual/s responsible for the alleged blogs:

1. Removeyourcontentfake.blogspot.com
2. Removeyourcontentsuck.blogspot.com
3. Removeyourcontenttruth.blogspot.com
4. Removeyourcontentscam.blogspot.com
5. Removeyourcontentsucks.blogspot.com

On or before December 30, 2009 at 5:00 Am, AT&T should've served plaintiff's attorneys with a response to their issued subpoena. However, thus far, plaintiff's attorneys have not disclosed the following response, (see Exs. 27-30).

    **10.**    *See* Doc. # 12; On November 13, 2009 a copy of the defendant's medical situation was filed with the clerk in a sealed envelope from ("UIC") Counseling Center. In addition, to a different sealed medical record that was filed on September 25, 2009 - *See* Doc. # 9, Page 32. The following medical records are sealed under sealed motion. On December 11, 2009, defendant has discovered that plaintiff owner, Mr. Green, was using the alias "ryc1" and

has posted the following "BTW.. It's not difficult to sue. We just filed a motion for summary judgment on a pending trademark infringement case and quite honestly, the defendant is very out of touch with reality. Frankly, I think people could make a good living doing this very thing. wait.. someone did... ie.. Jason Tucker" (see Ex. 18). *See* also Exs. 19-21, additional postings in proving that alias "ryc1" is the plaintiff. Plaintiff is not only intentionally inflicting emotional distress on the defendant by disclosing the defendant's private health situation in an indirect way, but plaintiff has also revealed his true intentions behind the pending lawsuit.

### C. Likelihood of Truthfulness of the Merits

11.     On January 10, 2010, plaintiff has eradicated the defendant's full name and address from www.removeyourcontent.com after exposing Mark's private information for over six (6) days to public eye; on a site that provides services for clients that produce pornography contents. *See* Ex. 37, Plaintiff has updated his webpage and posted the following "Jan. 10, Removeyourcontent branches into Asia with Asia Media Strategies, Inc. We welcome our new partners as Removeyourcontent begins coverage of Japanese producers." The factual posting gives rise to several matters/questions: Is the factual posting a demonstration of a company that has been damaged in its reputation by the alleged blogs in question? Or a prove of a company that keep on expending?

12.     All the factual online postings surrounding Remove Your Content, LLC, prove that plaintiff's business has expended greatly; not harmed. *See* also Ex. 38, Plaintiff posted the following on his own webpage "Thank you for your interest in Removeyourcontent.com. Sorry but we are not accepting new clients at this time. Please check back at a later date. -Mgmt. December 7, 2009". The factual posting gives rise to another matter/question: Is the factual posting a prove of a company that has been damaged and lost clients? Or a prove of a company

that never lost but gained more clients to an extent that it could not accept any new clients due to extensive work load?

    **13.**    *See* Ex. 42 amount demanded. *See* also Exs. 39-41, reference to plaintiff's designation of expert witnesses, states in pertinent part "Mr. Green will testify regarding the harm and impact to Remove Your Content, LLC due to the posting of the blogs...Mr. Green will base his opinions...". Remove Your Content, LLC, ("Plaintiff") factual online postings *v.* plaintiff's designation of expert witnesses are two (2) propositions that contradict each other. By balancing facts *v.* opinion, one could determine where a portion of the truth lies.

### D. Balance of Harm

    **14.**    Mark would be irreparably harmed absent injunction relive. Mr. Green seeks to associate Mark's name with unproven allegation in public eye prior to trial. Unless the relief granted in a Preliminary Injunction, furthermore, plaintiff could be expected to retaliate with further internet postings and harassing communication, giving his past history with other individuals and his violation to PII "Personal Identifying Information" law, which prevents people from releasing an individual's private information, (see Exs. 22-26, reference to plaintiff's online postings). Personal identifying information can be exploited by criminals to stalk or steal the identity of a person, or to plan a person's murder or robbery, among other crimes. PII means information that alone or in conjunction with other information identifies an individual, including an individual's:

(1) name, social security number, date of birth, or government-issued identification number;

(2) mother's maiden name;

(3) unique biometric data, including the individual's fingerprint, voice print, and retina or iris image;

(4) unique electronic identification number, address, or routing code; and

(5) telecommunication access device.

The requested relief would not impose significant hardship on the plaintiff, who would simply be prevented from posting disparaging statements about Mark during the pendency of this proceeding. Furthermore, plaintiff will not suffer any undue financial hardship as a result of the Preliminary Injunction.

### E.  Public Interest

15.     Remove Your Content, LLC, ("Plaintiff") and plaintiff's attorneys misconduct acts have placed irreparable harm and undue burden on the defendant to an extent that offends the public sense of justice. There are no words to describe the harm, the loss of reputation, the suffering, and anxiety that occurred to the defendant during the pendency of this proceeding and the undue burden during his final year toward graduation.

### F.  The Scope of Preliminary Injunction Order

16.     The balance of harm favor Mark, whose good reputation and future career would be severely injured by internet postings and other publicity planned by the plaintiff to "ruin" Mark's good reputation with his defamatory postings. In addition, Mark will continue to suffer emotional effects from the unfounded, unjustified, unfair attacks on his standing in the community. That limited relief is necessary and appropriate to maintain status quo, pending a later determination by the Court during trial, on a further relief sought by the Court in this action.

WHEREFORE, Mark respectfully prays that the Court grant this motion and issue a Preliminary Injunction form; or alternatively in such form as the Court may find appropriate providing that the plaintiff and plaintiff owner, Mr. Green, be prevent from engaging in the activities such as sharing private information or posting defamatory statements about the

defendant on the internet or otherwise during the pendency of this proceeding; pending final decision on the merits. Furthermore, by removing the defendant's full name from plaintiff's own website www.removeyourcontent.com or cached copies that appears on online search engines. After judgment on the merits during trial, Mark alternatively seeks further and additional relief as the Court may find appropriate for all the emotional and actual damages that was done to the defendant by plaintiff and plaintiff's attorneys during the pendency of this proceeding.

        Respectfully Submitted,

        By: /s/ Mark Bochra

        Mark Bochra
        5757 N. Sheridan Road
        Apt. # 13B
        Chicago, IL 60660

        *Defendant, Pro Se*

**SUPPLEMENT TO MOTION FOR PRELIMINARY INJUNCTION**

Warning: Some of these links contain obscenity or pornography images. With respect to the Court, I have censored some of the images that appeared inappropriate on the filed Exhibits.

1. *Reference to plaintiff's online postings exposing defendant Mark Bochra*
    a) http://removeyourcontent.com/
    b) http://askdamagex.com/f2/att-eric-green-removeyourcontent-com-34817/index2.html
    c) http://gofuckgfy.com/showpost.php?p=10556&postcount=28

2. *Reference to posting in proving that alias "ryc1" is the plaintiff.*
    a) http://gofuckgfy.com/showthread.php?t=764

3. *Reference to plaintiff's online postings exposing defendant Mark Bochra; Google Cache*
    a) http://74.125.95.132/search?q=cache:WBY3Puf5JAQJ:www.removeyourcontent.com/+removeyourcontent&cd=1&hl=en&ct=clnk&gl=us

4. *Reference to plaintiff's online postings violating PII* "Personal Identifying Information" *law*
    a) http://askdamagex.com/f14/poshalim-tv-29419/
    b) http://askdamagex.com/f14/tru-dymez-com-fucktubetv-com-32424/

5. *Reference to Mark's award and recognition being a member of national honor society.*
    a) http://www.uic.edu/honors/life/PhiEtaSigma/PhiEtaSigma-2006.shtml


###

## **CERTIFICATE OF SERVICE**

I certify that on the _21_<sup>th</sup> day of January, 2010, the foregoing was filed electronically. Notice of this filling will be send to the following parties by U.S. Certified Mail, postage prepaid and hand delivery. Party may access this filling through the Court's system.

Notice will be delivered to plaintiff's attorneys via Certified Mail; UPSP 7006 2760 0002 2866 2105

Jay R. Stucki
Texas State Bar No. 00798531
Jstucki@AttorneysForBusiness.com
Ellen Cook Sacco
Texas State Bar No. 24029491
ESacco@AttorneysForBusiness.com
Hulse ♦ Stucki, PLLC
2912 West Story Road
Irving, Texas 75038
Phone: 214.441.3000

**ATTORNEYS FOR PLAINTIFF**

By: /s/ Mark Bochra

Mark Bochra
5757 N. Sheridan Road
Apt. # 13B
Chicago, IL 60660

*Defendant, Pro Se*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REMOVE YOUR CONTENT, LLC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:09-cv-393 |
| MARK BOCHRA, | § | |
| | § | |
| Defendant | § | |
| | § | |

**Notice of Response to**
**Defendant's Motion For Preliminary Injunction**

To (*Plaintiff's attorney name and address*)

Ellen Cook Sacco
ESacco@AttorneysForBusiness.com
Hulse ♦ Stucki, PLLC
2912 West Story Road
Irving, Texas 75038
Phone: 214.441.3000

Within 20 days after service of this notice on you (not counting the day you received it), you must file and serve on the defendant an answer to the attached motion under Rule 12 of the Federal Rules of Civil Procedure.

An answer or motion must be served on defendant. whose name and address are:

Mark Bochra
5757 N. Sheridan Rd. Apt 13B
Chicago, IL, 60660

If you fail to do so, a judgment by default will be entered against you for the relief demanded in the motion. You also must file your answer or motion with the court.

/s/ Mark Bochra