◊AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

__Western__                    DISTRICT OF   __Texas__

Remove Your Content, LLC           **SUBPOENA IN A CIVIL CASE**
             V.

John Does 1-20

                                   Case Number:[1] 3:09-cv-393
                                   in Northern District of Texas
TO: AT&T Internet Services         Dallas Division
    1010 N. St. Mary's Street, Rm. 315-A-02
    San Antonio, TX  78215
    Attn: Rhonda Compton

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   See Exhibit attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Documents may be sent to 2912 W. Story Rd., Irving, TX  75038 | May 31, 2009 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   DATE

[signature]    Attorney's Plaintiff                May 1, 2009

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Ellen Sacco, Hulse Stucki, PLLC, 2912 W. Story Rd., Irving, TX  75038; (214) 441-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

DEF. APP. 026


EXHIBIT 9

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

DEF. APP. 027

# EXHIBIT

## DOCUMENTS TO BE PRODUCED:

1) All customer/subscriber identifying information (including name, address, etc.) identifying the customer using the following IP address: 75.34.26.219. Please see attached document.

Google Confidential and Proprietary

ublish confirmation IPs: ericgreensuck.blogspot.com

:q=GET /publish-confirmation.g?
logID=6133270073796340678&postID=3793575319448195933&timestamp=1235263514615&javascriptEnabled=tru
HTTP/1.1, host=www.blogger.com,
:ferer=http://www.blogger.com/post-create.g?blogID=6133270073796340678,clientIP=75.34.26.219, date=Sat Feb 21
6:45:14 PST 2009

:q=GET /publish-confirmation.g?
logID=6133270073796340678&postID=8527031345518504943&timestamp=1235263460199&javascriptEnabled=tru
HTTP/1.1, host=www.blogger.com,
:ferer=http://www.blogger.com/post-edit.g?
logID=6133270073796340678&postID=8527031345518504943,clientIP=75.34.26.219, date=Sat Feb 21 16:44:20
ST 2009

Google Confidential and Proprietary

DEF. APP.029



TO: Ellen_Cook_Sacco_Esq
Company:
Fax: 2144413001
Phone:

FROM: COMPTON, RHONDA K (ATTSI)
Fax:
Phone:

---

NOTES:

Civil Subpoena Response

Number of pages including cover: 03
Date and time of transmission: Monday, June 08, 2009 4:31:30 PM

© 2009 AT&T Intellectual Property. All rights reserved. AT&T, the AT&T logo and all other AT&T marks contained herein are trademarks of AT&T Intellectual Property and/or AT&T affiliated companies.

DEF. APP. 030



AT&T Internet Services    T: 210.351.5129
Legal Compliance Dept.    F: 707.435.6409
1010 N. St. Mary's St.,
Suite 315-A2
San Antonio, TX 78215

# Fax

| | | | |
|---|---|---|---|
| To: Ellen Cook Sacco, Esq. | Fax: 214.441.3001 | From: | Rhonda Compton |
| To: | Fax: | Date: | June 8, 2009 |
| Re: Civil Subpoena Response | | Pages: | 2 |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

• Comments:

The information contained in this facsimile message may be confidential and/or legally privileged information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any copying, dissemination or distribution of confidential or privileged information is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and we will arrange for the return of the facsimile. Thank you.

DEF. APP. 031



Rhonda K. Compton  T: 210.351.5129
AT&T Internet Services  F: 707.435.6409
Legal Compliance Dept.
1010 N. St. Mary's St.,
Suite 315-A2
San Antonio, TX 78215

June 8, 2009

Ellen Cook Sacco, Esq.
HULSE STUCKI, PLLC
2912 West Story Rd.
Irving, TX 75038

Re:  Civil Subpoena re: IP 75.34.26.219/*Remove Your Content, LLC vs John Does 1-20*/Issued by the U.S. District Court Western District of TX/Case No. 3:09-cv-393

Our Reference ID# 20636

Dear Ms. Sacco:

This letter shall serve as the response of AT&T Internet Services (AT&T) to the above referenced subpoenas issued May 1, 2009.

In response to the above-referenced subpoena, below please find the basic subscriber information for this account.

*Regarding IPs 75.34.30.96 and 99.145.86.85 on all dates/times/zones as listed in the subpoena:*

**CUSTOMER NAME:** Maged Soliman
**BILLING & SERVICE ADDRESS:** 5757 N. Sheridan Rd., Apt 13B, Chicago, IL 60660
**BILLING & WORKING (DSL) TELEPHONE NUMBER:** 773.989.5943

Please contact me with questions or concerns.

Best regards,

Rhonda Compton
AT&T Internet Services
Legal Compliance Dept.

DEF. APP. 032