## EXHIBIT 1

**From:** Mark Bochra [mailto:mbochr2@live.com]
**Sent:** Monday, June 21, 2010 1:49 PM
**To:** esacco@attorneysforbusiness.com
**Subject:** RE: Remove Your Content

Ms. Sacco:

1. I will write my version for the pretrial and objection and send it to you after a week, so you can review it and jointly insert it in your version and submitted to the court.

2. I will also write the version i would agree on related to the joint permanent injunction and send it to you for review, also after a week.

3. For the exhibits i am opposing on them with different claims and proves. I have yet to write it, which i need the coming weekend to write it.

4. Regarding the settlement conference, you already know my financial state and that i can't travel to Texas multiple times (prior to trial and during trial), not to mention the debts i have to pay for my college because of this suit, my medication, and my effected GPA and future career which always leaves me extremely depressed (like i said you have no idea what this suit has caused me or my family, however i always try to be optimistic and I know that god never left me, this is not my work, it is his work).

I am also waiting for the Court's opinion related to the conference, as i am not expert with disputes. I am personally very skeptical and fear to meet Mr. Green after reading that Mr. Green (has non violence felony) and his employee (has violence felonies) in the past.

---

From: ESacco@AttorneysforBusiness.com
To: mbochr2@live.com
Subject: RE: Remove Your Content
Date: Mon, 21 Jun 2010 13:30:04 -0500

1. I know there are several pending Motions.  That does not effect the fact that we still must meet for the settlement conference in person.  I need dates from you for that.
2.  Based on your comments below, I will place you down as opposed to my exhibit list in total.
3.  As for the pretrial order, I did not receive any proposed exhibit lists from you or proposals for the pretrial order.  If you want to submit your own pretrial order in a week, that is up to you, but I ask that you forward a copy to me for review prior to filing.
4.  Finally, if you are still willing to talk about the settlement via permanent injunction, I need to know what version you are proposing.  I know we had several different versions go back and forth a couple of months ago, but I need to know what version you will agree to now, so that I can discuss it with my client.
Thank you.

**From:** Mark Bochra [mailto:mbochr2@live.com]
**Sent:** Monday, June 21, 2010 1:21 PM
**To:** esacco@attorneysforbusiness.com
**Subject:** RE: Remove Your Content

Dear Ms. Sacco:

Pursuant to the scheduling order, you have already failed to file the joined pretrial materials, you have further failed to contact me prior June 19, 2010 regarding pretrial management. The deadline for Pretrial materials have already passed. See Page 4, Doc 13:

1.
A. Pretrial Materials: By June 19, 2010, except as otherwise noted below, all pretrial materials shall be filed.
B. The Court will direct the clerk to file it after the Court signs it. If submitted electronically, it must be transmitted to the electronic address used for receipt of proposed orders (o'connor_orders@txnd.uscourts.gov) and a paper courtesy copy must be physically delivered to the Court's chambers no later than July 19, 2010.

Furthermore, pursuant to the court order, Doc 23, Judge O'Conner referred all pretrial management to Judge Stickney.

Several motions are pending before the court: Motion for Legal assisstance, Motion to Dismiss, Motion for Preliminary injunction.

2. Most of these exhibits you listed, i would object on them due to the fact that most of them which you based your legal claims on aren't related to me by any mean, even proved pursuant rule 26 (a) disclosure, among other legal definition.

You have worked on the pretrial with Mr. Stucki and Mr. Goodwin while urging and demanding me to work on my pretrial version today, asap for you to file it today.

**Can you please provide me with a court order which states that both parties needs to jointly file their pretrial materials on June 21 ,2010?**

**I will need at least a week to write my own version of contentions, my list of exhibits, and objection related to various exhibits you want to file.**

3. Regarding a settlement conference, pending before the court is your motion for mediation, in addition to the recent letter you have mailed to Judge Stickney requesting for mediation and a conference. I have already responded to your letter concerns and a copy of the letter was send to Judge Stickney. Did Judge Stickney responded to your letter regarding a conference? I am not an expert with disputes, however you never agreed on my version of the Join Permanent Injunction until after I filed my motion to dismiss, and yet there still some words  and statements that needs to be changed and/or excluded.

As I have stated in the letter, I am welling to agreed on the join permanent injunction as far as it doesn't violate my rights any further. The damage this suit caused me is extremely irreparable, you really have no idea (my life, my family, my future career, my education, my reputation). You couldn't even deny that plaintiff, Mr. Green, defame and threat me in your joint status report (please review it). Did you read exhibit 20 attached with my filed motion to dismiss, related to the factual miracle, they were your own contentions, Mr green contentions.

2

Also please read my sealed motion related to the plaintiff's owner, which he defame his own company and employee by posting his and their past records. I tried to be as much vague as possible when i referred to the sealed motion in my motion to dismiss in order to prevent any public attention and because I didn't want to create any grudge with an individual i have never met or knew in person but look at how you attacked me in your motion when responding to my motion to dismiss. Already plaintiff have acted with bad faith toward this controversy, at least his own postings proves it.

Further, if I agreed on the join permanent injunction, some part will need to be removed (like knowing plaintiff's employee and clients) and other part will need to be re-edited (like remove your content will not make any false and defamatory statement online or otherwise about Mark Bochra), due to the fact that you use various different words which would have different meaning and purposes in context.

Thank you.

Sincerely,

Mark

---

From: ESacco@AttorneysforBusiness.com
To: mbochr2@live.com
CC: RGoodwin@AttorneysforBusiness.com
Subject: Remove Your Content
Date: Mon, 21 Jun 2010 11:08:07 -0500

Mr. Bochra:

We need to discuss several items relating to the pending case and trial.

1.    I have attached a Pretrial Order for your review.  I intend on filing my version of the Pretrial Order, if I do not hear from you today with your revisions/additions.  You may add in your contentions to this document, etc.  You may file your own version, if you will not participate in revising your portion in my order, but the Judge has directed us to file a single document, if possible.
2.    I have also attached an Exhibit List for your review.  If you agree to the admissibility of any of the exhibits, let me know.   If you do not agree to the admissibility of the exhibit, then I need to know the legal reasons why and put that in the order.   I need to file this as soon as possible (today).  Please note that these are the same exhibits used in response to your Motion to Dismiss, so you should be familiar with all of these.
3.    The Court requires us to meet in person for a settlement conference prior to trial (at least 2 weeks before trial).  I need to know your availability to do that.

Finally, we are still willing to agree to the previously agreed upon Permanent Injunction that will resolve this matter.  Let me know if you are willing to do so, and we can avoid the trial, pretrial matters, and meetings.  Thank you.

Sincerely,

/s/

3

Ellen Cook Sacco
Hulse ♦ Stucki, PLLC
2912 West Story Road
Irving, Texas  75038
Phone: 214.441.3000
Facsimile: 214.441.3001
www.AttorneysForBusiness.com

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein.

NOTICE: This electronic mail transmission, and any attachments hereto, may contain attorney-client communications that are privileged at law. If the reader of this message is not the authorized or intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify this office by telephone at (214) 441-3000 and email the sender that you have received this communication in error. We will remit any reasonable telephone expenses incurred by you. Thank you.